MINERVA MILLER, PLAINTIFF-APPELLEE, v. CHRISTO-
PHER STAMPUL, DEFENDANT-APPELLANT.

Submitted March 21, 1912—Decided July 22, 1912.

1. The requirements of section 219 of *Comp. Stat.*, *p*. 4120, relating
   to actions brought by informers to recover penalties do not
   apply to an action brought under an act entitled "An act to
   protect all citizens in their civil and legal rights," approved
   May 10th, 1884.
2. By section 218 (3 *Comp. Stat.*, *p*. 4120) an action arising out of
   the violation of the statute of 1884 may be brought on contract.
3. The penalty to be recovered under the statute is in the nature
   of liquidated compensatory and punitive damages. It places all
   violations thereof upon the same pecuniary basis, without regard
   to any aggravated circumstances attending them.

On appeal from the Passaic District Court.

Before Justices BERGEN, VOORHEES and KALISCH.

For the appellant, *James F. Carroll.*

For the appellee, *Robert F. Buckley* and *Joseph A. Furrey.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff, a negress, recovered a judgment
against the defendant, for $500, as a penalty for refusing her
admission to a theatre, which the defendant was conducting,
in the city of Passaic, upon the terms accorded to others, and
in violation of an act entitled "An act to protect all citizens
in their civil and legal rights," approved May 10th, 1884.
The case was tried before the court, without a jury. The
defendant has appealed to this court for a review of the
rulings of the trial judge, without having filed any specifica-
tions of the grounds upon which he relies for a reversal of the
judgment.

The state of the case shows, that the court found from the
testimony, that the plaintiff applied for admission to the

theatre and tendered in payment therefor, the usual price, five cents, and was refused such admission for the reason that she was a negress and that colored persons were required to pay twenty-five cents for admission. The testimony sustains such finding. The appellant made several motions for a nonsuit; the grounds upon which said motions were based, we have carefully examined and find to be without any merit. It is evident that these motions proceeded from a mistaken theory that the plaintiff's action was analogous to one in *qui tam,* instituted by an informer, which it is clearly not. The statute upon which the plaintiff's action is founded is a public one. The state of demand sets out sufficient facts showing that the plaintiff had a cause of action arising out of a violation of that statute. The penalty to be recovered under the statute is in the nature of liquidated compensatory and punitive damages. It places all violations of the statute upon the same pecuniary basis, without regard to any aggravated circumstances attending them. The only person entitled to sue is the one who has been discriminated against for any one of the reasons specified by the statute. Section 218 (3 *Comp. Stat., p.* 4120) provides that, whenever "any person shall be liable for any damages or penalty for the doing or not doing of any act, such damage or penalty may be recovered with costs by the party aggrieved by an action on contract."

It is only when an informer brings an action on a penal statute that it requires, "a special note shall be endorsed on the information of the very day, month and year of its institution," &c. 3 *Comp. Stat., p.* 4120, § 219.

The requirements of this section are wholly inapplicable to the proceedings instituted, by the plaintiff, in this case.

The appellant's other objection, that there was no proof that the defendant himself violated the statute and that if any violation thereof occurred it was the act of the agent for which the defendant cannot be held answerable, is not open to discussion, since there was proof that the defendant was present and sustained the agent's act.

The judgment of the District Court will be affirmed.